**BRADLEY v. McKINZIE.**

No. 2761.

Court of Civil Appeals of Texas.
Eastland.

Jan. 6, 1950.

Rehearing Denied Feb. 3, 1950.

Gib Callaway, Brownwood, for appellant.

David J. Morris, Brownwood, for appellee.

LONG, Justice.

Appellee L. O. McKinzie sued appellant Paul Bradley to recover the value of a Hereford cow, basing his suit on two counts, first, that appellant had converted the cow, and, second, that the cow had been lost due to the negligence of the defendant. The jury, in answer to special issues, found: (a) that appellant took possession of a cow belonging to appellee; (b) that the appellant converted said cow to his own use; (c) that appellant willfully took appellee's cow from the range where such cow was accustomed to be without the consent of the appellee; (d) that such action on the part of appellant was a proximate cause of the loss of appellee's cow; (e) that the reasonable market price of appellee's cow was $200. Judgment was for appellee, based upon the above findings of the jury. Bradley has appealed.

Appellant contends the trial court erred in overruling his motion for an instructed verdict for the reason that the evidence was insufficient to show a conversion by appellant of the cow in question. We do not agree with this contention.

The evidence discloses that appellee was the owner of a Registered Hereford cow. He was the General Manager of the Brownwood Livestock Show for the year 1949, and kept his cow in the barns located on the grounds used by said show until about the first of January, 1949, when he turned her out to range nearby. The Camp Bowie maneuver area adjoined the grounds of the Brownwood Livestock Show and it was upon this area that appellee turned his cow to graze. That portion of the area which was adjacent to the Livestock Show grounds contained approximately 5,000 acres which was entirely fenced off from the remaining 75,000 acres of said Camp Bowie maneuver area. The cow ranged near the buildings where appellee was employed and he fed her practically every day. She was ranging with a cow belonging to appellant. About January 14, 1949, appellee missed his cow and was advised that appellant had hauled away a load of cows from this area and he proceeded to have a conversation with the appellant with reference thereto. Appellant admitted that he had hauled away a cow which was not his and when appellee asked him to describe the cow, he described her so minutely that appellee at once recognized that it was his

cow that appellant had hauled away. Appellee's cow was not branded but had some red paint around the base of her horns. In giving the description of the cow that he had hauled away, appellant stated that the cow had red paint around the base of her horns. Appellant claimed that he thought the cow belonged to his neighbor, Luther Jernigan, and he loaded her with his cattle for the purpose of removing her from the place where she had been ranging for the reason that the sheriff had requested him to do so because the cattle had been depredating upon the yards and gardens of people living in that section of the City of Brownwood. Appellant told appellee that after he had hauled the cow some five or six miles from the vicinity of the livestock barns, that he discovered the cow did not belong to his neighbor and he then unloaded her, however, he did not at that time, or upon the trial of the case, disclose how he had learned that the cow did not belong to his neighbor, Jernigan. Appellant never saw his cow after she was hauled away from her accustomed range by the appellant, although he had made diligent search and inquiry as to her whereabouts. Appellant testified that he had not seen or heard of the cow since he unloaded her some six miles from said livestock barns. That portion of the Camp Bowie area where the cow was unloaded was separated by a fence from the 5,000 acre area where the cow was accustomed to range.

■ The court, in submitting the case to the jury, defined conversion thus: "You are instructed that conversion is the unlawful or wrongful exercise of dominion, ownership or control by one person over the property of another to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time and may be effected by taking actual corporeal possession and control over the property of another so as to prevent the owner from the exercise of such rights."

■■ The above is a correct definition of conversion. 42 Tex.Jur. page 507. We believe the evidence is sufficient to sustain the finding of the jury on this issue. Conversion is an unauthorized act of dominion exercised by one person over personal property belonging to another in denial of or inconsistent with his right. It is an offense against the possession of property. "The essence of conversion is not acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner, although a temporary deprivation will be sufficient; and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from his act. 67 C.J., page 12.

■■ When the evidence is viewed in its most favorable light in support of the verdict, it establishes that appellant removed the cow belonging to appellee without his consent from a place where she was accustomed to range and where she was being fed daily by appellee to a point some five or six miles distant and placed in an area comprising some 75,000 acres of land which was divided by a fence from the area where the cow was accustomed to range. It is further conclusively established that appellee thereby lost his cow and that he never saw her at any time thereafter. When the principles of law set out above are applied to the facts in this case, we are compelled to conclude that appellee has established a case upon the count resting in conversion.

Furthermore, the judgment of the trial court should be sustained upon the count resting in negligence. The jury found that appellant willfully took appellee's cow from the range where such cow was accustomed to be without the consent of appellee and that such action on the part of appellant was a proximate cause of the loss of appellee's cow. The court failed to submit the issue of negligence. However, appellant did not except to the charge because such issue was not submitted. We are required to presume that the trial court found that appellant was negligent in removing said cow from her accustomed range. Appellant waived the right to have the jury pass on this issue by his failure to object to its omission from the court's charge. Dakan v. Humphreys, Tex.Civ. App., 190 S.W.2d 371; Wichita Falls &

Oklahoma Railway Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; 279 R.C.P. The evidence is sufficient to support the implied finding of negligence.

The judgment of the trial court is affirmed.