## ANDERSON v. BROOME et ux.
### No. 4723.

Court of Civil Appeals of Texas. El Paso.
April 26, 1950.

Rehearing Denied May 24, 1950.

902

Clinton G. Brown, Jr., and Brewer, Matthews, Nowlin & Macfarlane, all of San Antonio, for appellant.

Charles J. Lieck and O. Shelley Evans, both of San Antonio, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the district court of Bexar County, 73rd Judicial District. Appellees as plaintiffs sued appellant as defendant for damages for the death of their nineteen year old son, John D. Broome, who was killed in a collision between a Plymouth convertible coupe in which he was riding as a guest, and a Chevrolet sedan operated by appellant. The accident occurred about midnight of May 30, 1948, on Highway 90 west of San Antonio. Trial was to a jury, resulting in a judgment for $5,000.00 in favor of appellees against appellant.

Just prior to the accident appellant was driving the Chevrolet sedan on Highway 90 in an easterly direction towards San Antonio. The accident occurred when he attempted to pass a car which was proceeding ahead of him in the same direction, and collided with or was struck by the car in which appellees' son was riding as a guest, which was proceeding in an opposite or westerly direction from San Antonio. The specific acts of negligence alleged by plaintiffs were:

"1. Defendant failed to have automobile he was operating under proper control.

"2. Defendant failed to keep a proper lookout.

"3. Defendant failed to drive said automobile on the right of the middle line of said Highway when other automobiles, particularly the car which the said John D. Broome was riding as a passenger was using said highway.

"4. Defendant was negligent in attempting to pass another automobile when it was necessary to use the left hand side of the highway to accomplish such passing at a time when there were other automobiles on such left hand side of said highway."

In answer to specific questions the jury found:

"1. That the defendant drove his car on the left hand side of the highway when the same was not clear and unobstructed for a distance of at least 50 yards ahead.

"2. That such act by the defendant was a proximate cause of the death of John D. Broome.

"3. That the defendant drove his car to the left of the center line of the highway.

"4. That such act was a proximate cause of the death of John D. Broome.

"5. That they did not find that defendant failed to keep a proper lookout.

"7. That the automobile in which John D. Broome was a passenger was being operated without lights.

"8. That they did not find that the operation of said automobile without lights was negligence.

"10. That on the occasion in question the deceased John D. Broome was riding in an automobile that had no lights.

"10-a. They did not find that John D. Broome at the time of and just prior to the accident knew that said car had no lights.

"13. Damages in the amount of $5,000.-00."

In connection with question No. 5 the court charged that the term "proper lookout" means such a lookout as a person of ordinary prudence would keep under the same or similar circumstances.

Appellant has presented and briefed 8 points: (I) That the verdict will not support a judgment for plaintiffs and will support a judgment for defendant, and the court should have entered a judgment for defendant; (II) that the court should have granted a new trial because the verdict is incomplete, the jury having failed to answer question No. 9, which was submitted conditioned on an affirmative answer to question No. 8 inquiring whether the operation of the car in which John D. Broome was riding without lights was negligence, question No. 9 having inquired whether such negligence was the sole proximate cause of the injuries resulting in the death of John D. Broome; (III) that there was no evidence from which the jury could determine the amount of money which their deceased son would have contributed to them had he lived; (IV) the refusal of the court to submit issues inquiring whether the deceased, John D. Broome, was knowingly riding in an automobile being driven at a reckless rate of speed and whether such act was negligence and a proximate cause

of the accident and his death; (V) the court's refusal to give defendant's requested instruction that the jury should not consider the contributions made by deceased during his minority in arriving at the amount which appellees might reasonably have expected to receive from him in the future; (VI) the court erred in asking the jury whether the road was not clear and unobstructed for a distance of at least fifty yards ahead when defendant drove his car to the left hand side of the highway, because the question of an obstruction on the highway was undisputed; (VII) by the submission of question No. 1 the court charged the jury that the defendant was an absolute insurer of the safety of all persons on the highway even though they were riding in an automobile with no lights, in the middle of the night; (VIII) the court erred in refusing to permit the defendant to show by police officers who investigated the accident the estimated speed of the automobile in which the deceased was riding.

 It is appellant's contention that the jury findings Nos. 1 and 3 that defendant violated Article 801(A) of the Penal Code of this State, Vernon's Penal Code Annotated, Art. 801(A) and that each of said acts was a proximate cause of the death of John D. Broome (2 and 4) are insufficient to support a judgment for plaintiffs in the absence of a finding that either of such acts constituted negligence and that since plaintiffs failed to obtain such finding the court should have entered judgment for defendant. The portion of the Penal Code referred to is as follows: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead." Appellant strongly relies on the case of Robbiano v. Bovet, 218 Cal. 589, 24 P.2d 466. It must be conceded that that case is very much in point in arriving at a proper construction of our Statute. However, the authoritative holding of Robbiano v. Bovet is that Robbiano was not guilty of contributory negligence as a matter of law, and that the jury finding in his favor on that

issue would not be disturbed. Defendant's objections to the court's charge on which he relies under this point were

"12. Defendant objects and excepts to Question Nos. 1 and 2 because said two issues taken together form no basis of liability on this defendant.

"16. Defendant objects and excepts to Questions Nos. 3 and 4 for the reason that said two issues taken together and though answered affirmatively in favor of the plaintiffs would not be the basis of any judgment against this defendant."

These objections were too general to call the court's attention to the failure of the charge to submit issues inquiring whether the acts inquired about in questions 1 and 3 constituted negligence and to require him to submit such issues. Rule 274, T.R.C.P. and Texas State Highway Dept. v. Reeves, Tex.Civ.App., 161 S.W.2d 357, Wr.Ref. Therefore, under Rule 279, T.R.C.P., appellant waived his right to jury trial on these issues and they will be deemed as found by the court in such manner as to support the judgment. If a finding that either of such acts constituted negligence is necessary to support the judgment as contended by appellant, such findings must be deemed to have been made by the court under Rule 279. Therefore this case falls squarely within the holding of Robbiano v. Bovet. An interesting and more difficult question is whether such implied finding by the court conflicts with the jury's answer to question No. 5 to effect that they did not find that defendant failed to keep a proper lookout in view of the specific acts of negligence alleged by plaintiff. Since appellant has not raised this point we pretermit a discussion of it.

 The case of Little Rock Furniture Mfg. Co. v. Dunn, Tex.Sup., 222 S.W.2d 985 is a complete answer to point II. Appellant made no objection to the conditional submission of question No. 9; he therefore waived his right to have this question answered and to any benefit he might have received from a favorable answer to such question. This is the specific holding on a similar record in Little Rock Furn. Mfg. Co. v. Dunn.

Points III and V will be discussed together. At the time of his death John D. Broome lacked a few months. of being twenty years of age. There was evidence that he had gone into the army when he was 17 years of age and was in the army at the time of his death, but expected to be discharged in a few months; that during his service he had sent money home to his parents regularly, averaging fifty dollars per month; that he was raised on a farm and was a good tractor driver and had driven a tractor on' his parents' farm before he went into the army; that he intended to go home when he was discharged from the army and buy a 160 acre farm adjoining his parents' farm, and operate it as a partner with his father; that he had said he would be with his parents as long as they lived, and would take care of them; that the parents had had a family of twelve children, ten of whom were living; the mother was suffering from heart trouble and the father from a hernia; that the twelve or fourteen acre farm on which the parents lived was similar to the 160 acre farm which the son contemplated buying and was capable of producing a bale of cotton to the acre.

In actions of this kind the Statute Art. 4677, Vernon's Ann.Civ.St., provides that "The jury may give such damages as they think proportionate to the injury resulting from such death." In this class of case the evidence as to the measure of damages is not susceptible of the certainty and accuracy that it is in other cases, and the question of damages must be left largely to the discretion of the jury. Jasper County Lumber Co. v. McMillan, Tex.Civ.App., 188 S.W.2d 731, Wr.Ref. n. r. e. Of course the jury cannot be left to mere guess or conjecture; their verdict must be an intelligent verdict based on some evidence; McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710. The facts above outlined were sufficiently tangible, if not ample, to form the basis of an intelligent verdict. This is all that is required.

The court's charge relevant to the issue of damages was as follows: "You are instructed that in' determining your answer to the foregoing question you can only consider the loss of service, if any, contributions, if any, of the deceased during his minority, less the cost and expense, if any, to the plaintiffs for the care, maintenance and education of the said John D. Broome, if any; and if you further believe from a preponderance of the evidence that the plaintiffs had a reasonable expectation of receiving from the said John D. Broome had he lived, considering his position and ability, if any, contributions and benefits, if any, to plaintiffs' wants and necessities, if any, after he reached his majority, had he lived, you can also take such matters into consideration. In estimating the amount, if any, you cannot allow the plaintiffs anything for grief, if any, sorrow, if any, or loss of companionship, if any, or loss of society, if any, or affection, if any, of the said John D. Broome."

Defendant requested the following instruction in connection with the issue of damages: "You are further instructed that, in arriving at the amount which you might have reasonably expected the said John D. Broome to have contributed to his parents had he lived, you will not take into consideration any contributions made by the said John D. Broome prior to the time he reached twenty-one."

This instruction was refused. In such refusal there was no error. It is true that benefits received by parents during the minority of their child, either by way of services or contributions in money do not tend to prove what the parents might reasonably have expected to benefit, either by services of or monetary contributions from the child after he reached his majority. Bonnet v. Galveston H. & S. A. Ry. Co., 89 Tex. 272, 33 S.W. 334, loc. cit. 336. Here appellees' son had not reached his majority at the time of his death, hence the court correctly charged that the jury could consider loss of service, if any, and' contributions, if any, of the deceased during his minority, less expense, if any, for care, maintenance and education. Gulf, C. & S. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, and authorities there cited. Apart from the fact that the proffered instruction is incorrect in that it specifies the amount that the *jury* might have reason-

ably expected the son to have contributed to his parents had he lived rather than the amount, if any, which the jury found the *parents* might reasonably have expected the son to have contributed to them had he lived, it is in conflict with the first portion of the court's charge above referred to. In other words, it would have deprived the parents of any benefits, either from service or contributions from their son during his minority, since it was not confined to the amount that the parents could reasonably have expected him to contribute after attaining his majority; therefore the requested instruction is erroneous and hence of course the court did not err in refusing it. Swearingen v. Brown, Tex.Civ.App., 195 S.W.2d 724, Wr.Ref. n. r. e.

The substance of the requested issues which the court refused to submit, of which appellant complains in point IV has been above outlined. The defendant alleged: "* * * that the said John D. Broome was riding in an automobile that had no lights and in an automobile that was driven at a reckless rate of speed, and that the said John D. Broome knew that the car had no lights and knew that it was being driven at a reckless rate of speed for a sufficient time prior to the accident, and had he exercised ordinary care the accident would not have occurred."

The requested issues inquired whether at the time and on the occasion in question the deceased was riding in an automobile being driven at a "reckless rate of speed"; whether the deceased knew that the car was being so driven just prior to the accident; whether the act of the deceased in riding in the car knowing it was being so driven was negligence and whether such negligence was a proximate cause of his death. There was no definition of the term "reckless rate of speed" and no request for a finding whether the deceased knew of the reckless rate of speed in sufficient time to have enabled him to protest or leave the car. The request as presented amounted to a general charge on contributory negligence of the deceased. Furthermore, it permitted the jury to set up its own standard of what did or did not constitute a "reckless rate of speed", and for this reason was improp-

er. Patterson v. Williams, Tex.Civ.App., 225 S.W. 89; See also as to necessity for definition of "reckless rate of speed"; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901, 905, (Dangerous speed); and Fort Worth & R. G. Ry. Co. v. Sageser, Tex.Civ.App., 18 S.W.2d 246, loc. cit. 249, (6) Wr.Dis. (Excessive speed).

However, we think the evidence was insufficient to raise the issue of whether the car in which the deceased was riding was being driven at a reckless rate of speed just prior to the accident. Appellant testified that the car was traveling at "a very excessive speed—a very rapid rate of speed" but he did not have time to figure out at what speed it was traveling. These statements were therefore mere conclusions and insufficient to raise an issue of reckless speed. Aycock v. Green, Tex.Civ.App., 94 S.W.2d 894, Wr.Dis.; Morgan v. Maunders, Tex.Civ.App., 37 S.W.2d 791.

Likewise the testimony of the witness Richards that when the car in which deceased was riding passed him when he started to turn into a filling station, estimated by him to have been a mile or a mile and a half from the scene of the accident, that he guessed "they were driving fifty miles an hour or maybe faster", is not of sufficient probative force to raise an issue of reckless speed at the time of the accident. For these reasons the court did not err in refusing to submit appellant's requested special issues referred to.

Point VI is so clearly without merit that we shall not labor it. The evidence was conflicting as to whether appellant drove his car to the lefthand side of the road and hence whether he did so when the road was not clear and unobstructed for a distance of fifty yards was a disputed issue. In any event, appellant could have been in no way prejudiced by its submission if the whole or any part of it were undisputed.

Point VII is also clearly without merit. It is apparent from a mere reading of question No. 1 that the court did not charge that the defendant was an absolute insurer of all persons on the highway, even though they were riding in an automobile with no lights, in the middle of the night, as contended by appellant. For this reason

and for the further reasons discussed in disposing of point I there is no merit in this point.

 Robert F. McKesh, called by the plaintiffs in rebuttal, testified that he was a Bexar County Highway Patrolman and investigated the accident shortly after it occurred; that he sought to determine the point of impact. He found debris north of the center line and identified pictures showing the tire marks made by appellant's car and some marks made in the pavement by the Plymouth car, and found the Plymouth car turned over about 151 feet from the point of the collision. On cross examination the defendant propounded to this witness the following question: "Q. Based on where you found the Plymouth and where you concluded the collision occurred, did you shortly after that make an estimate of the speed that the Plymouth was traveling, based on your investigation?" An objection to this question was sustained and defendant excepted. The bill of exception with the court's qualification reveals and the Statement of Facts so shows that McKesh did not testify to having seen any skid marks made on the pavement by the Plymouth car; also that defendant did not develop what answer the witness would have given to the question propounded or that he could or would have stated what his independent opinion of the speed of the Plymouth was. It is shown that defendant did develop that the witness would have testified that on the day following the accident he and an army Lieutenant who was in charge of investigating the accident for the army and two Captains of the San Antonio police force, with the use of a table and other information reached the conclusion that the Plymouth was traveling from sixty to seventy miles per hour. Of course such testimony was inadmissible because the facts on which the conclusion was reached were not shown, and also because as to the Army Lieutenant and the police Captains such conclusion was hearsay. However, even though appellant had developed what McKesh's independent estimate of the speed of the Plymouth would have been, such testimony was properly excluded. The rule is thus stated in Texas Jurisprudence, Vol. 2, 10 Year Supplement, Automobiles, Section 167, p. 153: "While skid marks and damage to vehicles have been held to be a sufficient basis for an opinion as to speed, it has been held to be improper to permit a witness to express an opinion which is based wholly on the damaged condition of the colliding vehicles and their positions after the occurrence of the impact."; citing Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509, loc. cit. 511(3-5), Wr.Ref. n. r. e. Although McKesh was shown to be qualified as an expert, it was not shown that he had knowledge on which to base his opinion as to speed superior to that of the ordinary juror. The same is true of the police Captains Bichsel and Fitch. They did not see the cars in the position in which they came to rest after the accident, made no investigation of the accident, and did not know the distance from the point of impact that the Plymouth came to rest. Clearly, any estimate of speed by them based on the meager knowledge that they were shown to have had was properly excluded.

Our conclusion is that no reversible error is shown by the record. The judgment is therefore affirmed.