ASSOCIATED INDEMNITY CORPORATION V. STANLEY D. KUJAWA

No. A-4287. Decided May 26, 1954.
(268 S.W. 2d Series 122)

*Fulbright, Crooker, Freeman & Bates, Kraft W. Eidman,* and *Quentin Bates,* all of Houston, for petitioner.

The Court of Civil Appeals erred in rendering judgment non obstante veredicto for the insurance company. Bowles v. Bourdon, 148 Texas 1, 219 S.W. 2d 402; Scott v. Liberty Mut. Ins. Co., 204 S.W. 2d 16; Traveler's Ins. Co. v. Blazier, 228 S.W. 2d 217.

*Peter P. Cheswick,* of Houston, for respondent.

Cited Maryland Casualty Co. v. Hearks, 144 Texas 317, 190 S.W. 2d 62; Stevens v. Karr, 119 Texas 479, 33 S.W. 2d 725; Traders & Gen. Ins. Co. v. Diebel, 188 S.W. 2d 411.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a workmen's compensation suit. The trial court granted petitioner's motion for judgment non obstante veredicto. The Court of Civil Appeals has reversed the judgment of the trial court and rendered judgment for the respondent. 258 S.W. 2d 344.

We have reached the conclusion that this case must be reversed and remanded to the trial court for a new trial. The trial court, preliminary to the introduction of evidence and the submission of special issues to the jury for its determination, sustained certain special exceptions to respondent's pleadings. The effect of the ruling of the trial court on the special exceptions

was to deprive the respondent of the right to plead and prove material allegations of his cause of action. We shall discuss this matter later in this opinion.

The cause of action remaining after the action of the court in sustaining petitioner's special exceptions was submitted to the jury. The answers returned into court by the jury were all favorable to the respondent. Petitioner urged in the trial court its motion for judgment notwithstanding the verdict of the jury. Petitioner's contention in the trial court and by point of error in this Court that there was no evidence to support the findings of the jury to the issues submitted is sustained. This conclusion has been reached without regard to the question of the necessity of medical evidence. The Court of Civil Appeals committed error in rendering judgment for respondent.

We revert to the action of the trial court in sustaining petitioner's special exceptions. The respondent assigned such action as error in the Court of Civil Appeals. We are of the opinion that, even though we have held adversely to respondent on the question of "no evidence" as to the issues submitted, he is entitled to a new trial.

The effect of the trial court's ruling on the special exceptions was to confine respondent's pleadings to the nature of the injury as stated in the notice and claim filed with the Industrial Accident Board. The injury alleged in the notice and claim before the Board was a "general injury." The ruling of the trial court prohibited respondent from enlarging the claim so as to include all injuries proximately resulting from the accident. This was error and the Court of Civil Appeals so held. As said in the case of Booth v. Texas Employers' Ins. Ass'n., 132 Texas 237, 123 S.W. 2d 322, 329: "It has repeatedly been held that, although one claim cannot be filed with the board and another and different claim asserted in court, yet when the injury suffered is of that class of injuries, sometimes called general injuries, for which the compensation is based upon incapacity to work, and not of that class of injuries usually called specific injuries, for which the amount of compensation is fixed by the statute, a general description of the injury is sufficient in the claim made before the board, and that in the suit filed to set aside the award of the board the claim may be enlarged to include all injuries proximately resulting from the accident." See Hartford Accident & Insurance Co. v. Choate, 126 Texas 368, 373, 89 S.W. 2d 205; Texas Employers' Ins. Ass'n. v. Bradshaw et al, Tex. Civ. App., 27 S.W. 2d 314 writ refused).

Furthermore, the petitioner did not complain in its motion for rehearing of the action of the Court of Civil Appeals in holding the trial court committed error in sustaining its special exception to respondent's pleadings. No point is presented to this Court questioning such holding. Petitioner does contend that the Court of Civil Appeals was without authority to reverse and render judgment in favor of respondent. The cause should have been reversed and remanded to the trial court to permit the respondent to plead his cause of action in accordance with the rule announced in Booth v. Texas Employers Ins. Ass'n., supra. The rights of the parties and the issues involved shall be determined in the first instance by the trial court and not the appellate court.

■ The burden rests upon the party claiming compensation to prove that he sustained an injury as defined by statute. See Article 8309, Sec. 5, Vernon's Annotated Civil Statutes of Texas. The action of the trial court in sustaining petitioner's special exceptions to the pleadings rendered it probable that respondent was prevented from fully developing the issues raised by the excluded allegations contained in the petition. From what has been stated, the judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded to the trial court.

■ In view of a retrial, we deem it necessary to discuss petitioner's Points Eight, Nine and Ten. These points present the contention that the beginning date of respondent's incapacity was not conclusively established by the evidence, and therefore, the trial court erred in failing to submit a special issue to the jury to determine such fact. We do not reverse the cause on these points for the reason that petitioner failed to point out distinctly by proper objection to the court's charge the error, and failed to state its grounds of objection in the manner required by Rule 274, Texas Rules of Civil Procedure. In the event of another trial, and, unless the evidence is undisputed as to the date respondent's incapacity began, the trial court should properly submit the issue to the jury for its determination. Traders & General Insurance Company v. Watson, Tex. Civ. App., 131 S.W. 2d 1103, writ dismissed; Texas Employers Ins. Ass'n. v. Guidry, 128 Texas 433, 99 S.W. 2d 900; Jones v. Texas Employers Ins. Ass'n., 128 Texas 437, 99 S.W. 2d 903.

Petitioner by its Eleventh Point contends that the issue as to the average weekly wage of respondent was improperly submitted to the jury. We do not pass on the question presented.

However, upon another trial and in the event the issue is raised by the evidence, the trial court should be governed by the provisions of Article 8309, Revised Civil Statutes and amendments thereto, and especially subsections 1, 2 and 3 of Section 1, Vernon's Annotated Civil Statutes, Article 8309, as amended. Also see American Employers' Insurance Company v. Singleton, Tex. Com. App., 24 S.W. 2d 26; Texas Employers' Ins. Association v. Locke, Tex. Civ. App., 224 S.W. 2d 755, writ refused, n.r.e.

Petitioner's Points One and Two, and Four to Seven present the contention that the rule with reference to the necessity for medical evidence, as established in the case of Bowles v. Bourden, 148 Texas 1, 219 S.W. 2d 779, 13 A.L.R. 2d 1, is applicable to the case here. Since this cause has been reversed and remanded to permit the presentation of new pleadings we deem it unnecessary to discuss these points.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded to the trial court.

Opinion delivered May 26, 1954.