Roy BRADLEY, Appellant,

v.

IMPERIAL SUGAR COMPANY et al.,
Appellees.

No. 15834.

Court of Civil Appeals of Texas.

Fort Worth.

July 12, 1957.

Rehearing Denied Sept. 20, 1957.

Wilbur T. Knape, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Sloan B. Blair, Charles L. Stephens, and Frank E. Crumley, Fort Worth, for appellees.

BOYD, Justice.

Appellant Roy Bradley sued appellees. Imperial Sugar Company and Donald Gene Tarver, its truck driver, for damages for personal injuries and for property damage arising from a collision between appellant's automobile and appellee Company's. truck, at a street intersection in the city of Fort Worth. Upon a jury verdict, judgment was rendered for appellees.

Appellant alleged that: he had stopped his car at the intersection because the traffic light was red, and while his car was stopped it was struck from the rear by the truck; personal injuries to himself and damages to the car were caused by the impact; the truck driver was negligent in the following particulars: he did not keep a proper lookout; he failed to stop the truck in obedience to the red light; he failed to apply his brakes; he was driving at a greater rate of speed than an ordinarily prudent person would have driven under the existing circumstances; he failed to turn the truck to the right or to the left; he failed to have the truck under proper control; he failed to use all the means at hand consistent with his own safety, the safety of others, and the truck, to avoid injuring appellant after he discovered that appellant was in a position of peril.

Appellees alleged that the light had turned to green before the truck approached the intersection; that appellant failed to move his car forward after the green light appeared; that there was enough time for appellant to move his car forward with the traffic after the light turned to green and before the collision; that appellant failed to use ordinary care to move his car forward on the green light; and that such failure was a proximate cause of the collision. Appellees conceded that Tarver was negligent and that his negligence was a proximate cause.

In answer to issue No. 1 the jury found that appellant was in a position of peril; in answer to No. 2 it was found that the truck driver discovered appellant's perilous position; in answer to No. 3 it was found that the truck driver realized that appellant would probably not be able to extricate himself from such perilous position; in answer to No. 4 it was found that the truck driver did not discover such perilous position in time so that by the use of all means at his command, consistent with his own safety and the safety of his passenger and the truck, he could have avoided the col-

lision; in answer to No. 10 it was found that appellant failed to exercise ordinary care to move forward after the light turned to green; and in answer to No. 11 it was found that such failure was a proximate cause of the collision.

By points of error appellant contends that: issue No. 10 was not supported by the evidence, and the answer to that issue was against the overwhelming weight of the evidence; it was error to enter judgment for appellees because the answer to No. 10 was in irreconcilable conflict with contributory negligence; No. 10 was a general charge, was couched in language calculated to influence the jury in finding against appellant, did not include all the elements of Article 6701d, Secs. 67, 94, and 95, Vernon's Ann.Civ.St., and its submission was fundamental error; the answer to No. 10 was in irreconcilable conflict with the answer to No. 3; the answer to No. 4 was not supported by the evidence and was against the overwhelming weight of the evidence; there was no finding that the light was green at the moment of impact, or that appellant was able to move forward, or could have moved forward with safety; and there were no findings as required by the law of the road.

There was no objection to the charge, and no request for any additional submissions.

■ We think the evidence was sufficient to support the findings of the jury. Appellant testified that his car was stopped and the light was green at the time of the collision. Tarver testified that: the light was green when he first noticed appellant's car in the lane in front of witness; the truck was then about one-half block from the intersection; he then "let off on the accelerator to see what he was going to do—to see if he was going to go ahead"; he thought the car "was going to go ahead"; the vehicles were in the inside lane; a truck and three cars were in the lane to his right and were moving forward; he

could not turn to his right because of those vehicles, and he could not turn to his left because of oncoming traffic; when he decided that the car was not going to move forward, he applied his brakes, locked all the wheels, and skidded the tires; he "spent everything" he had. Wall testified that after the light turned green, he walked across the intersecting street, which he thought was about 60 feet wide, before the impact occurred.

We are unable to agree with appellant that the answer to No. 10 does not amount to a finding of contributory negligence. The court defined negligence as "a failure to use ordinary care"; and defined ordinary care as "that degree of care that would be exercised by a reasonably prudent person under the same or similar circumstances." If negligence is a failure to use ordinary care, failure to use ordinary care is negligence.

■ Since there was no objection to the issues submitted, no objection because of omitted issues, and no request for other submissions, we overrule appellant's contention that the submission of the case to the jury was incomplete and that the verdict does not support a judgment for appellees. In this situation, if one or more of the issues necessary to sustain a ground of recovery or defense be submitted, omitted issues shall be deemed as found by the court in such manner as will support the judgment. Rule 279, Texas Rules of Civil Procedure; Erwin v. Welborn, Tex.Civ. App., 207 S.W.2d 124; Bradley v. McKinzie, Tex.Civ.App., 226 S.W.2d 458; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ The answer to No. 3 found that Tarver realized that appellant probably would not be able to extricate himself from his perilous position, while in answer to No. 4 it was found that such realization was not in time to avoid the collision; and in the answer to No. 10 it was found that appellant failed to exercise ordinary care to move forward. We find no conflict between the answers to No. 3 and No. 10.

We have examined all of appellant's points, but think reversible error is not reflected.

The judgment is affirmed.