**W. H. CRAKER, Appellant,**

v.

**CITY TRANSPORTATION COMPANY OF DALLAS et al., Appellees.**

No. 7047.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 2, 1958.

Rehearing Denied Sept. 23, 1958.

John F. Harrison, Harlan Harper, Jr., Dallas, for appellant.

Turner, White, Atwood, McLane & Francis, Geo. E. Flannigan, Dallas, for appellees.

FANNING, Justice.

The opinion rendered in this cause on June 24, 1958, is withdrawn and the following opinion is substituted in lieu thereof.

W. H. Craker sued City Transportation Company and its employee taxi-cab driver, David P. Fergerson, for damages for personal injuries to his wife, Vivian Craker, and for damages to his automobile, resulting from an intersectional collision between plaintiff's automobile driven by his wife with a taxi-cab of defendant Transportation Company driven by Fergerson at the intersection of Edgemont Street and Denley Drive in the City of Dallas. Trial was

to a jury. The jury answered many of the special issues submitted. Defendants' motion for judgment was granted by the trial court. Plaintiff's motion for judgment was denied by the trial court. Plaintiff's motion for new trial was overruled by the trial court. Plaintiff has appealed.

Appellant's first and second points read as follows:

"(1). The error of the court in entering judgment for defendant on an incomplete ground of defense in that no negligence was found against the plaintiff by the jury.

"(2). The error of the court in refusing to grant plaintiff's motion for judgment, based on the jury's findings of negligence against the defendant and no findings on the part of the plaintiff."

The court submitted various special issues referring to the acts of both drivers. The jury found the defendant Fergerson's negligence proximately caused the collision in issues Nos. 3 and 4 and in failing to keep a proper lookout; in issues Nos. 8, 9 and 10 in entering said intersection without first ascertaining whether or not such movement could be made in safety; and in issues Nos. 14, 15 and 16 in failing to timely apply the brakes on the taxicab. The jury answered various damage issues in favor of plaintiff in the following amounts: $2,000 (issue No. 45); $831 (issue No. 46); $144 (issue No. 47); and $500 (issues Nos. 48 and 49), said items of damages totaling the sum of $3,475. The jury also found: (in issue No. 25) that plaintiff's wife could not have avoided the collision with the use of all the means at her command, in safety to herself and plaintiff's automobile; (in issue No. 28) that plaintiff's wife did not fail to keep a proper lookout; (in issue No. 30) that plaintiff's wife was not driving her automobile at an excessive rate of speed; (in issue No. 34) that plaintiff's wife was not negligent in failing to turn to the left; (in issue No. 37) that she was not negligent in failing to timely apply the brakes; and (in issue No. 39) that the collision was not an unavoidable accident.

The group of issues referring to contributory negligence on the part of plaintiff's wife were all answered favorably to appellant with the exception of Special Issues Nos. 42, 43, and 44. The issues and answers of the jury thereto were as follows:

"Special Issue No. 42: Do you find from a preponderance of the evidence that the taxicab driven by the defendant David Palmer Fergerson was already in the intersection in question at the time plaintiff Craker's Pontiac entered said intersection on the occasion in question?

"Answer 'yes' or 'no.'

"Answer: 'Yes.'

"If you have answered 'yes' to the preceding special issue you will answer the following special issue; otherwise you need not answer the same.

"Special Issue No. 43: Do you find from a preponderance of the evidence that on the occasion in question plaintiff's wife, Vivian P. Craker, failed to yield the right-of-way, as that term is defined herein, to the defendant's taxicab immediately prior to the collision in question?

"Answer 'yes' or 'no.'

"Answer: 'Yes.'

"If you have answered 'yes' to the preceding Special Issue you will answer the following special issue; otherwise you need not answer the same.

"Special Issue No. 44: Do you find from a preponderance of the evidence that such failure, if any you have so found, was a proximate cause of the collision in question?

"Answer 'yes' or 'no.'

"Answer: 'Yes.' "

Plaintiff objected and excepted to the submission of issues Nos. 42, 43 and 44 on numerous grounds but plaintiff did not clearly or specifically object to the court's charge because no issue with reference to negligence was submitted in connection with Special Issues Nos. 42, 43 and 44.

No issues were requested by plaintiff or defendants nor were any issues submitted to the jury as to whether plaintiff's wife was *negligent* in entering the intersection at a time when defendant Fergerson had already entered the intersection or whether plaintiff's wife was *negligent* in failing to yield the right-of-way to defendant's taxi-cab immediately prior to the collision in question.

Defendants pleaded various acts of common-law contributory negligence against Vivian Craker and at the time of the trial pleaded particularly: "a. that plaintiff's wife, Vivian Craker, failed to grant the right-of-way to the defendant David P. Fergerson." Later, more than 85 days after the jury's verdict, the following clause "in violation of Article 6701(a) [6701d] Sec. 71" was interlined in the pleading immediately following the above quoted clause "a." At the time of the trial defendants had no then existing written pleadings of statutory contributory negligence against plaintiff's wife and their actual written pleadings at that time consisted of allegations of common-law contributory negligence against plaintiff's wife. Appellees in answer to their failure to make the above quoted interlineation in their pleadings until long after the jury's verdict state in their brief as follows:

"At the time this case was called for trial and while the court and counsel were awaiting the arrival of the jury panel, a good faith agreement was made between counsel for plaintiff and defendants, permitting interlineations by each side. Defendants were given leave to interline a statutory violation in connection with their right of way allegation and plaintiff was given leave

to interline another matter in his pleadings. In addition to this cited statement by the trial judge, the act of the court in overruling plaintiff's motion for new trial is a finding by implication that such agreement was made.

"Following this agreement, plaintiff made his interlineations but defendants neglected to do so at the time, feeling perfectly secure in their respect for a good faith agreement between counsel made in the presence and with the approval of the court."

Appellant disputes the terms of the alleged oral agreement and points out that the court reporter had no record of such agreement. The trial court in the bill of exceptions filed in the cause stated his recollections and impressions of the dispute between the parties with respect to the terms of the alleged agreement, which statements of the trial judge are found in the record. However, under our view of the controlling questions of law in this case, it becomes unnecessary for us to decide whether or not statutory contributory negligence was *timely* pleaded by defendants.

Article 6701d, Sec. 71, Vernon's Ann. Civ.St., reads as follows:

"Sec. 71. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

"(c) The right-of-way rules declared in subdivisions (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article."

It is our opinion that Sec. 71 of Article 6701d, V.A.C.S., comes within the

class of statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. See Booker v. Baker, Tex.Civ.App., 306 S.W. 2d 767, wr. ref., n. r. e.

■ Rule 274, Texas Rules of Civil Procedure, provides as follows:

"A party objecting to a charge must point out *distinctly* the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, *shall be deemed waived unless specifically included in the objections.* Where the objection made by the complaining party, or an instruction, issue, definition, or explanatory instruction requested by him, is in the opinion of the appellate court obscured or concealed by voluminous unfounded objections, minute differentiations or numerous unnecessary requests, such objection or request shall be untenable. *No objection to one part of the charge may be adopted and applied to any other part of the charge by reference only.*" (Emphasis ours.)

Rule 279, T.R.C.P., provides in part as follows:

"* * * Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; *but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding*

*thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.* * * *"* (Emphasis ours.)

We hold that plaintiff's objections to the court's charge submitting special issues Nos. 42, 43 and 44, were not sufficient under Rule 274, T.R.C.P., to complain of the court's failure to submit the issue of negligence in connection with said issues. In this connection see the following authorities: Anderson v. Broome, Tex.Civ.App., 233 S.W.2d 901; Sledge v. Murphy, Tex. Civ.App., 284 S.W.2d 938, 939; Associated Indemnity Corp. v. Kujawa, 153 Tex. 314, 268 S.W.2d 122.

We further hold that since there was no sufficient objection under Rule 274, T.R.C. P., to the court's charge in failing to submit an issue on negligence in connection with issues Nos. 42, 43 and 44, and no request therefor was made by plaintiff, it follows that plaintiff's failure in these respects constituted a waiver of plaintiff's right to have the jury pass on the issue of negligence in connection with issues Nos. 42, 43 and 44, and under Rule 279, T.R.C.P., the omitted issue on negligence was "deemed as found by the court in such manner as to support the judgment," if the evidence on such omitted issue of negligence was sufficient to support the trial court's finding on same, and we find that such presumed finding of the trial court on the omitted issue of negligence was sufficiently supported by the evidence in the cause. In this connection see the following authorities: Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Bradley v. Imperial Sugar Co., Tex.Civ.App., 305 S.W.2d 216, wr. ref., n. r. e.; Erwin v. Welborn, Tex.

Civ.App., 207 S.W.2d 124, wr. ref., n. r. e.; Bradley v. McKinzie, Tex.Civ.App., 226 S.W.2d 458; Dakan v. Humphreys, Tex. Civ.App., 190 S.W.2d 371; Western Hills Hotel, Inc., v. Ferracci, Tex.Civ.App., 299 S.W.2d 335, wr. dism. agr. In Erwin v. Welborn, supra, [207 S.W.2d 128] it is stated:

"The court did not submit as a separate subdivision the question of whether the appellant's failure to keep a lookout was negligence. The appellants contend that the court erred in not submitting this question in a separate subdivision. A study of subdivision (a) convinces us the question was asked, and for the following reasons the appellants' contention is overruled. In negligence cases such as this our Supreme Court has held that the ultimate issue is made up of four elements: (1) that the appellants did an act; (2) that the act was one of negligence; (3) that the act of negligence was the proximate cause of the appellees' damage; and (4) that the appellees did suffer damages. In three of these elements, the jury found against the appellants. As we have seen, the second element—i. e., the act was one of negligence—was not submitted as a separate subdivision, and the record fails to show that this omission on the part of the trial court brought either an objection or a request from either party. Under Rule 279, Texas Rules of Civil Procedure, if an issue is submitted inquiring as to whether an act was done and some of the elements of negligence were not submitted, the trial court is presumed to have found the unsubmitted element or elements, as the case may be, in such a way as to support the judgment rendered, providing the evidence is sufficient to support such findings. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W. 2d 79.

"Thus under the Pepper case, supra, where not objected to, there would be no error in submitting these two issues: (1) did Harold Lee Erwin fail to keep a proper lookout? and (2) was such failure to keep a proper lookout the proximate cause of the injuries? *The court in support of its judgment would be presumed to have found that the failure to keep a lookout was negligence.*" (Emphasis ours.)

Also in Bradley v. Imperial Sugar Co., supra, [305 S.W.2d 218] it was stated:

"Since there was no objection to the issues submitted, no objection because of omitted issues, and no request for other submissions, we overrule appellant's contention that the submission of the case to the jury was incomplete and that the verdict does not support a judgment for appellees. In this situation, if one or more of the issues necessary to sustain a ground of recovery or defense be submitted, omitted issues shall be deemed as found by the court in such manner as will support the judgment. Rule 279 T.R.C.P.; Erwin v. Welborn, Tex.Civ.App., 207 S. W.2d 124; Bradley v. McKinzie, Tex. Civ.App., 226 S.W.2d 458; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79."

Appellant's other points are deemed to be without merit and are respectfully overruled.

Appellees' motion for rehearing is granted and the judgment of the trial court is affirmed.

Affirmed.

DAVIS, Justice.

I concur with extreme reservations. It seems to me that there is an irreconcilable conflict in the findings of the jury. If appellant's wife *did keep* a proper lookout and was *not* negligent in failing to turn her car to the left to avoid the collision (apparently the only route of escape available to her and the only thing she could have done to

452

yield the right-of-way at the time and on the occasion in question), I am unable to understand how she could be negligent in failing to yield the right-of-way.

Neither am I impressed with the trial court's "impressions" in his qualifications to the bill of exceptions. The bill should have been specifically allowed or rejected. In view of Rule 11, T.R.C.P., the agreement, if made, should not have been recognized by the trial court because the parties did not reduce it to writing, neither did the trial court "enter the agreement of record."