## ANCHOR CASUALTY CO. v. BEELER.

### No. 12343.

Court of Civil Appeals of Texas, Galveston.

Dec. 20, 1951.

Rehearing Denied Jan. 10, 1952.

Dyess & Dyess and Arthur D. Dyess, Jr., all of Houston, for appellant.

Fred Parks, Ralph Balasco and Max H. Jennings, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is a workmen's compensation suit. It was brought by appellant, Anchor Casualty Company, to set aside an award of the Industrial Accident Board awarding compensation to appellee for injuries alleged to have been sustained by him in the course of his employment with Metallic Building Company, who carried compensation insurance with appellant, Anchor Casualty Company.

Appellee, by cross-action, sought compensation benefits for the loss of the use of his right leg.

Answering appellant's contention that this Court has no jurisdiction to act on appellee's claim for the reason that appellee had failed to file his claim for compensation with the Industrial Accident Board within six months after the occurrence of such injury, appellee alleged that he had good cause for his failure to file his written claim for compensation until the date the same was filed.

In answer to special issues submitted, a jury found, in substance, that appellee had sustained an accidental injury to his right knee on or about November 7, 1947, which aggravated a previous condition of his knee, which resulted in a 25% permanent loss of the use of his leg. The jury found, on what we deem to be sufficient evidence, that the physician to whom appellee was sent by his employer for treatment of his knee after his injury, advised him that it was not necessary for him to file a claim with the Industrial Accident Board in order for appellant to provide him with an operation to his injured knee; that appellee believed and relied upon such representations and that such belief and reliance constituted good cause for his failure to file his claim for such injury with the Industrial Accident Board prior to September 2, 1949. At the close of the testimony the trial court overruled appellant's motion to set

aside the verdict of the jury and render judgment in its favor for the alleged reason that appellee had failed to show good cause for his failure to file his claim for compensation with the Industrial Accident Board within the six months period required by Article 8307, Section 4a, of the Revised Civil Statutes. Judgment was rendered in favor of appellee in the sum of $3321.51 at the close of the testimony.

The record shows that appellee sustained two separate accidental injuries to his right knee while in the course of his employment as a truck driver and hoisting engineer for the Metallic Building Company, but that notwithstanding these injuries, he did not lose any time from his job though his duties were made lighter by his employer. The first of his knee injuries occurred in January, 1947. As a result of this injury appellee was sent by his employer to Dr. Howard Stackhouse for treatment, and received treatments from him until November, 1947. On November 7, 1947, appellee sustained a second injury to his right knee and was again sent to Dr. Stackhouse for treatment. He testified that the doctor told him that he had a "busted cartilage" in his knee, but that "it could, * * * get well * * *." He testified that the doctor advised him not to have an operation on the injured knee until he had to have one, that the operation might result in a stiff leg and that the knee would get well without the operation. Appellee testified that he discussed with Dr. Stackhouse the filing of a claim for compensation for his injury with the Industrial Accident Board and that the doctor advised him to let it "rock along" if he did not want any money for his injury; that it was not necessary for him to file a claim with the Board in order for appellant to provide him with an operation to his injured knee; that he would take care of it in the same manner as he had been doing, and that in August, 1949, Dr. Stackhouse informed appellee that no further treatments would be forthcoming until he could communicate with appellant. Appellee testified that he wrote a letter to the Industrial Accident Board on August 31, 1949. Appellee contends that this let-

ter is a claim for compensation for the injuries of November 7, 1947.

The controlling question presented in the appeal is whether the evidence adduced on the trial of the case supports the finding of the jury that appellee showed good cause for failing to file his claim with the Board within the six months period provided under said Art. 8307, Sec. 4a.

In passing upon an assignment that there was no evidence to support a jury's finding that there was good cause for the tardy filing of a claim with the Industrial Accident Board it has been uniformly held that the evidence that there was good cause must be considered in the light most favorable to the verdict, and that if there is any evidence of probative worth to support the verdict, an appellate court cannot render a contrary judgment. Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088. It is also generally held that while the term "good cause", in filing a claim for compensation, is not defined by the statute, the test for its existence is that of ordinary prudence, i. e., did the injured employee prosecute his claim with that degree of diligence that an ordinarily prudent person would have exercised under like circumstances and that consequently whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts and that it may be determined against the claimant as a matter of law only when the evidence, construed most favorably against the claimant, admits no other reasonable conclusion. Watson v. Texas Indemnity Ins. Co., supra; Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, and the cases there cited.

Section 4a of Art. 8307, Vernon's Ann. Civ.Statutes, provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of such injury, but that, "For good

cause" the board may in meritorious cases waive the strict compliance with the foregoing limitations as to filing the claim before the board.

The case of Zurich General Accident & Liability Ins. Co., Ltd., v. Chancey, Tex. Civ.App., 166 S.W.2d 966, error refused for want of merit, involves a construction of the term "good cause". The appellant in that case insisted that the Court should have granted its motion for an instructed verdict. The appellee in the case had sustained a hernia in the course of his employment on August 12, 1938. On September 8, 1941, he filed his claim for compensation with the Industrial Accident Board. The record discloses that appellee knew immediately after his injury that he had sustained a hernia. Appellant's doctor treated him for hernia for more than a year. During that time he suffered no disability. The jury was asked whether appellee was led to believe that he would be retained in his employment after the date he sustained the injury. The appellate court held that the issues as to whether appellee had good cause for his failure to file his claim for compensation with the Industrial Accident Board had reasonable support in appellee's allegations of good cause and that he was not able to undergo an operation because it would not have been successful, that appellee had continued to work for the same employer and did not sustain any incapacity until July 31, 1941, and that he believed that appellant's doctor and the employer would treat him right, and relied upon them to protect his claim.

The case of Maryland Casualty Co. v. Perkins, Tex.Civ.App., 153 S.W.2d 647, 648, error refused for want of merit, involved a case in which the employee sustained an injury on July 12, 1939, but continued to work and suffered no material disability until March 8, 1940, at which time his employer informed him that he carried insurance. He filed his claim on March 25, 1940. In affirming the trial court's judgment in favor of appellee, the court said, "In our opinion, when an Employee receives an injury which results in no compensable disability until after six months from the date of the injury, he has, as a matter of law, 'good cause' for not filing claim for compensation until some compensable disability has resulted." Citing the case of Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879, 880, in which it was said that " * * * There is always 'good cause' for an employee to delay the filing of a claim for compensation up to time incapacity or some material impairment of capacity results from the injury."

In the instant case the Industrial Accident Board, on January 10, 1950, conducted its hearing upon appellee's claim for compensation for the November 7, 1947, injury, and rendered an award favorable to appellee.

Appellee contends that he did prosecute his claim for compensation with that degree of diligence which an ordinarily prudent person would have exercised under the same or similar circumstances, that his conversations with and understandings with Dr. Stackhouse, and his conversation with appellant's representative, Mr. Ledbetter, were of such a nature that an ordinarily prudent person under such or similar circumstances would have pursued the same course as he pursued in filing claim for compensation. The jury found, upon what we deem to be sufficient evidence, that such would have been the action of such ordinarily prudent person.

We have carefully considered all points submitted by appellant in its brief and find no reversible error therein.

The judgment of the trial court is in all things affirmed.