## TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,

### v.

## Herbert Madison CHRISTIAN, Appellee.

### No. 6585.

Court of Civil Appeals of Texas.

Amarillo.

April 2, 1956.

Rehearing Denied April 30, 1956.

Cade & Bowlin, Lubbock, for appellant.

Allred & Bowers, Lubbock, for appellee.

MARTIN, Justice.

Appellee sustained an injury on November 28, 1953 and did not file his claim for workmen's compensation until November 1, 1954. Appellant, Trinity Universal Insurance Company, presents four points of error raising the sole proposition that, as a matter of law, no good cause existed for appellee's failure to file his claim for compensation within six months after the occurrence of his injury. Art. 8307, § 4a, Vernon's Texas Civil Statutes.

It is appellee's theory that although he sustained an injury on November 28, 1953 while working as store manager for T. E. Milam, he did not realize that he had received anything other than a trivial injury until July 23, 1954, and that he did not file

a claim for compensation from such date until November 1, 1954 in reliance upon the representation of the agent of the appellant insurer that he, the plaintiff:

"* * * should not worry about thing because the insurance company would take care of everything."

The evidence on the issue reveals that appellant conceded good cause existed for appellee's not filing his claim until the date of July 23, 1954 in that appellee considered his injury as trivial to that date. But, appellant contends that since appellee realized on such date that his injury was serious there was no longer any good cause for appellee's delaying the filing of his claim until November 1, 1954. Appellant presented no evidence in the cause and the issue between appellant and appellee is confined to the legal principles applicable to the undisputed facts and jury findings thereunder.

The pertinent facts will be briefly presented here since appellant's third point questions the materiality of certain jury issues as discussed hereinafter. Appellee testified that the agents of the appellant represented to him that the insurer would take care of everything, or words to that effect, and his testimony is wholly supported by that of appellee's employer who testified to the same facts. The physician who operated upon the appellee for a herniated intervertebral disc in the cervical region testified that he had conversed with the agents for the insurer and understood that the appellant insurer was taking care of all expenses of the claim. Such physician also sent all his reports concerning the condition of the appellee to appellant insurer. In addition to the above facts, it is also revealed by the uncontroverted testimony that the agents of the appellant not only represented to appellee that the insurance company would take care of his claim but on or about August 24, 1954 the appellant insurer offered appellee the sum of $800 in settlement of his claim—which sum the insurer represented would take care of the hospitalization expense and appellee's time lost. The uncontroverted evidence further reveals that on or about the first of October, 1954 and just prior to the filing of appellee's claim, appellant insurance company made a further offer to appellee of the sum of $1,800 or $1,900 in settlement of his claim. The above is only a brief resume of the facts but all the evidence in the record wholly supports the jury verdict in the cause as discussed hereinafter.

Appellant's brief places emphasis on the fact that the jury found, under Special Issue No. 32, that:

"* * * the plaintiff knew, during the period from July 23, 1954 to November 1, 1954, that he should file his claim for compensation with the Industrial Accident Board."

However, under Special Issue No. 33, the jury further found:

"* * * that a reasonably prudent person would, knowing such claim should be filed, have delayed the filing of his claim for such length of time."

Knowledge of the appellee that he should file his claim on the date of July 23, 1954 is material solely on the issue that at such time appellee realized that his injury was no longer a trivial injury and thereby terminated this element of good cause for delay in filing. But, such finding is not material on the issue as stressed by the appellant that the jury finding under Special Issue No. 32 rendered immaterial all other jury findings as to good cause. Every issue as to good cause shown for delay in filing a claim presupposes not only the knowledge of the claimant that he should file his claim within six months but the further fact that such claimant knew that a filing of his claim within six months was required by law. A complete answer to appellant's above stated contention is found in Consolidated Casualty Insurance Co. v. Perkins, Tex., 279 S.W.2d 299, at page 302, cited by appellant, wherein, the Supreme Court, with reference to the issue of a claimant's knowledge of his being required to file a claim within six months or as to

a claimant's contention that he was to be advised as to filing, ruled:

"The respondent is presumed to have known the law."

Under the record before this Court, there is no merit to appellant's contention that the jury finding that appellee knew that he was required to file his claim for compensation on July 23, 1954 rendered immaterial the jury findings as to good cause under Issues 15, 16, 17, 20, 21 and 33 as hereinafter shown.

The record reveals upon the issue of good cause existing until appellee filed his claim on November 1, 1954, that appellee pleaded the appellant insurer represented to him:

"Don*t'* worry about a thing because we will take care of it."

Appellee introduced proof on such issue of good cause and obtained jury findings in his favor thereon. Appellant seeks to set aside such jury findings on the sole basis that the same became immaterial, as a matter of law, after the jury found, under Special Issue No. 32, quoted above, that appellee knew he was supposed to file his claim during the period from July 23, 1954 to November 1, 1954. As stated above, such jury finding under Special Issue No. 32 merely affirms the applicable principle of law. Under appellee's pleading of the issue and under the uncontroverted facts in evidence, the jury made the following numbered findings:

"Special Issue No. 14

"* * * Trinity Universal Insurance Company on or about July 23, 1954 represented to the Plaintiff, that he, the Plaintiff, 'should not worry about a thing because the insurance company would take care of everything;'

"Special Issue No. 15

"* * * that Plaintiff relied upon these representations;

"Special Issue No. 16

"* * * that such belief prevented him from filing his claim up until the time it was actually filed;

"Special Issue No. 17

"* * * that the Plaintiff's said reliance upon said representations, * * * constitutes good cause as the term has hereinbefore been defined for not filing his claim sooner than it was actually filed."

In addition to the above findings, other special findings of the jury reveal that an agent of appellant, Trinity Universal Insurance Company, and the appellee entered into negotiations for a settlement of appellee's claim after appellant was notified of the injuries and that such negotiations as to a settlement continued until appellee's claim was filed on November 1, 1954. The jury also found that such negotiations prevented appellee from filing his claim up until the time it was actually filed and that such negotiations as to a settlement likewise constituted good cause for appellee not filing his claim until it was actually filed.

The above jury findings, and other jury findings on the issue of good cause as made upon the uncontroverted evidence, fully support the trial court's rendition of judgment for appellee under the principle that appellee had shown good cause for failure to file his claim within the six months period. The law applicable to the issue is found in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372, wherein the Supreme Court ruled:

"(2, 3) The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claim-

ant, admits no other reasonable conclusion."

Aetna Casualty & Surety Co. v. Rhine, 5 Cir., 152 F.2d 368, Syls. 7-9; Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; 45 Tex.Jur., Workmen's Compensation, Section 262, Page 740; Art. 8307, § 4a, Vernon's Texas Civil Statutes.

Appellant cites four cases in support of its appeal. These cases will be only briefly discussed herein. The first case cited, Consolidated Casualty Insurance Co. v. Perkins, supra, reveals that the claimant in such cause continued in the employment of the insured and the jury found specifically that the agent of the insured *did not* advise plaintiff he could not make a claim for compensation as long as he remained on the company payroll. The case as cited merely rules that the facts in issue do not support good cause. However, as noted hereinabove, such cause does lay down a fundamental principle as material to the issue raised here as to the effect of knowledge on the part of appellee as to his being required to file his claim or as to his being advised when to file, to-wit:

"The respondent is presumed to have known the law."

The next case cited by appellant, Texas Employers' Ins. Ass'n v. Portley, 153 Tex. 62, 263 S.W.2d 247, merely rules that the injuries of the claimant were of such a serious nature that no reasonably prudent person could have believed the same to be trivial. Hartford Accident & Indemnity Co. v. Hardin, Tex.Civ.App., 252 S.W.2d 752, cited by appellant, is likewise not applicable to the record here. Such case rules that the evidence in the cause reveals as a matter of law that the claimant knew her condition was serious and therefore she could not rely upon the fact she believed her injuries were trivial as good cause for delay in filing her claim. General Accident Fire & Life Assur. Corporation v. Martin, Tex.Civ.App., 110 S.W.2d 258, 260, also relied upon by appellant, supports the appellee's cause of action in the present case. This cited case correctly rules that a claim-

ant cannot legally stand upon the proposition that he has good cause for delay in filing his claim in that he believed his injuries were trivial while, at the same time, his pleadings in the cause of action reveal beyond dispute that his injuries were grave and serious. This cause further rules that mere proof by the claimant that he believed that a compromise would be effected is not good cause for delay as a matter of law.

The correct rules of law as found in General Accident Fire & Life Assur. Corporation v. Martin, supra, have no application to the cause of action presented under the record in this court. The court in the such cited case ruled:

"There was no allegation, or even intimation, in the pleading that appellee was lulled into a feeling of security by the Assurance Corporation upon any promise of compromise, or that the Assurance Corporation had falsely represented to him that his claim would be compromised."

In the case now on appeal, the record reveals pleadings by appellee raising the issue that the company represented to him that it would take care of everything and that appellee relied thereon in delaying the filing of his claim. Appellee's pleading is supported by the uncontroverted evidence in the record and also by the special findings of the jury on all issues thereunder. The above four cases, as cited by appellant, do not contain a ruling governing the issue raised by the pleadings and proof in this record. The issue presented here by the undisputed record reveals that, after appellee learned his injury was not a trivial injury but a serious one, he delayed in filing his claim in reliance upon the representations of appellant insurer as made to him and by insurer's efforts to negotiate a settlement of his claim.

█ The ruling as sought by appellant in this cause would permit an insurer to make material representations to a claimant that it would pay his claim, then negotiate with him until time for filing of the claim had passed and thereby escape liability upon the sole defense that claimant

had not shown good cause for not filing his claim for compensation within the six months period. Appellant's four points of error are overruled and the judgment of the trial court is affirmed.