TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

John R. HUDGINS, Appellee.

No. 3409.

Court of Civil Appeals of Texas.

Waco.

Oct. 18, 1956.

Rehearing Denied Nov. 1, 1956.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Butler, Williams, Stone & Cook, Robstown, for appellee.

HALE, Justice.

This is a workmen's compensation case. Upon the special issue verdict of a jury, judgment was rendered in favor of appellee, the injured workman, for the sum of $6,546.03, on account of incapacity following an unsuccessful operation for a double hernia. Appellant, the insurer, says the judgment should be reversed solely because of alleged errors referrable to the question

as to whether good cause existed for the failure of appellee to file his claim for compensation with the Industrial Accident Board within six months after his injury. A full statement from the record is necessary to a correct understanding of the contentions urged by the respective parties with reference to the general issue presented for determination.

Appellee was injured on August 13, 1954. His claim for compensation was filed with the Industrial Accident Board on March 1, 1955. In his trial petition, he alleged that "good cause exists for plaintiff's failure to file his claim within six (6) months from the date of injury, in that an agent for defendant filled out certain papers for plaintiff and assured him that he would send plaintiff's claim in to the Industrial Accident Board, and that plaintiff relied upon such representations of defendant's agent, and thought that his claim had been sent in, and that immediately after finding out that the claim had not been sent in by defendant's agent and employee, plaintiff filed his claim before the Industrial Accident Board." Appellant did not object or except to appellee's allegations of good cause, but denied under oath that appellee filed his claim within six months and denied that good cause existed for his failure to so file the same.

The undisputed evidence relating to the question of good cause for the failure of appellee to file his claim for compensation within six months after his injury shows that appellee had numerous conversations with appellant's claim adjuster, Robert W. Brayton, at various times, on approximately fifteen separate occasions between August 13, 1954 and March 1, 1955. Some of these conversations were at appellant's office in Corpus Christi and others were had over the telephone. There is a dispute in the evidence as to how many different written statements appellee made to the adjuster, but the evidence is undisputed that appellee and the adjuster did discuss settlement of the claim at various times.

Appellee testified in effect that shortly after he was injured, he signed a written statement concerning the injury for one of appellant's adjusters; that again in January, 1955, he met with appellant's adjuster, Brayton, at appellant's office in Corpus Christi, at which time he signed an additional two page statement for Mr. Brayton; that he was again contacted at a later date by adjuster Brayton, who took another written statement from him concerning his claim. Appellee further testified in part concerning his conversation with adjuster Brayton in January, as follows: "I made a complete statement as to how the accident happened and that date, and the witnesses, and he said 'we will send this into the Board.' I was aware of the fact that it had been filed." Adjuster Brayton testified that he had numerous telephone conversations with appellee, probably fifteen in number, and that he took two written statements from appellee, but he denied that he had ever told appellee that he or the insurance company would file appellee's claim for compensation with the Industrial Accident Board.

In his charge to the jury, the trial court submitted three special issues relating to the question of good cause, as follows:

"Special Issue No. 25: Do you find from a preponderance of the evidence that the plaintiff believed, until immediately preceding the time that his claim was filed, that an adjuster in the employ of the defendant had filed his claim? If you have answered the foregoing question 'Yes', and only if you have so answered the same, then answer the following question."

"Special Issue No. 26: Do you find from a preponderance of the evidence, if any, that such belief prevented him from filing his claim up to and until the time it was actually filed? If you have answered the foregoing question 'Yes', and only if you have so answered the same, then answer the following question."

"Special Issue No. 27: Do you find from a preponderance of the evidence, if any, that a reasonably prudent person would, for such reason, delay the filing of his claim for such length of time?"

Before the Court's charge was submitted to the jury, appellant timely objected to that portion of the Court's charge relating to the general question of good cause, in the following language:

"Defendant objects and excepts to Special Issues Nos. 25, 26 and 27 for the reason that:

"(1) Such three issues, if answered in the affirmative, would not justify a finding of good cause as a matter of law, and because such Special Issues 25, 26 and 27 are not ultimate and controlling issues, as made by the pleadings and by the evidence.

"(2) The defendant objects and excepts to Special Issues Nos. 25, 26 and 27, because such three issues do not constitute a finding of fact upon all the issues pleaded and tendered by the proof, and do not constitute findings upon ultimate and controlling issues in regard to good cause for failure to file a claim for compensation within six months, as such issue is drawn by the pleadings and tendered by the evidence."

Upon the presentation of the foregoing objections to the Court's charge, the Court stated that he would submit for the jury's determination an additional issue, to be numbered Special Issue No. 28, conditioned on an affirmative answer of the jury to Special Issues Nos. 25, 26 and 27, as follows: "Do you find from a preponderance of the evidence that the plaintiff had good cause, for such reasons, if any, for failure to file his claim for compensation within six months from the date of injury?" Appellant then objected to the submission of the additional issue for the reason that the same constituted a general charge and

for the additional reason that "good cause is a matter of law and not a matter of fact." The Court thereupon sustained the latter objection of appellant and stated as follows: "Let the record show that in attempting to cure objections to Special Issues 25, 26 and 27, the Court propounded and submitted No. 28 and gave both counsel a copy of the issue, and that thereafter the defendant objected in his objections because the same constituted a general charge and the Court then, in view of the objection, sustained the objection to No. 28 and deleted it from the Court's charge." Appellant again objected to Special Issues Nos. 25, 26, and 27 because "the same is a general charge and the defendant requests the Court to submit all ultimate and controlling issues with regard to 'good cause' ".

The jury answered each of the three special issues submitted to them relating to good cause in the affirmative. Appellant duly filed its motion to disregard the jury's answers to such issues and to render judgment in its favor non obstante veredicto, for the reason that the facts found by the jury in answer to such special issues, as a matter of law, did not establish good cause for appellee's failure to file his claim for compensation within six months after his injury. Appellant's motion for judgment was overruled and judgment rendered in accordance with the verdict, for appellee.

By the five points upon which its appeal is predicated, appellant says the trial court erred (1) "in failing to submit to the jury all disputed ultimate and controlling issues on the question of plaintiff's good cause for failure to file his claim for compensation within the six (6) months after his injury as such good cause was pleaded by the plaintiff"; (2) "in failing to submit for the jury's determination an issue on whether the defendant's agent, Robert W. Brayton, represented to the plaintiff that the defendant would file with the Industrial Accident Board a claim for compensation in behalf of the plaintiff, said issue being raised by the pleadings and placed in dispute by

the evidence"; (3) "in entering judgment for the plaintiff since the findings of the jury do not establish good cause for the failure of the plaintiff to file a claim for compensation within six (6) months after his injury"; (4) "in overruling the Defendant's Motion for judgment and for judgment non obstante veredicto since the plaintiff's failure to establish good cause for not filing a claim for compensation within six (6) months after the date of injury entitled the defendant to a judgment that the plaintiff take nothing"; and (5) "in finding any ultimate issue of fact in regard to good cause, if the Court did make such finding and if the entry of judgment in favor of the plaintiff constitutes an implied finding on any issue of fact upon the question of good cause, in view of the defendant's request that the Court submit to the jury all ultimate and controlling issues of fact on the question of good cause, as raised by the pleadings and tendered by the evidence." By appropriate counter points, appellee controverts each of the foregoing points of error asserted by appellant.

Appellant has grouped and presented together in its brief, points one, two and three. It has grouped and presented together its points four and five. In support of the contentions urged under the first group, it cites the following cases: Zurich General Accident & Fidelity Ins. Co. v. Walker, Tex.Com.App., 35 S.W.2d 115; New Amsterdam Cas. Co. v. Chamness, Tex.Civ.App., 63 S.W.2d 1058 (er. ref.); Hawkins v. Safety Cas. Co., 146 Tex. 381, 207 S.W.2d 370; Texas Employers Ins. Ass'n v. Harkey, Tex.Civ.App., 208 S.W.2d 915; Id., 146 Tex. 504, 208 S.W.2d 919. In support of the contentions urged under the second group, it cites Clark v. National Life & Acc. Ins. Co., 145 Tex. 575, 200 S.W.2d 820. After due consideration of the cases cited by appellant, we have concluded that they do not sustain the contentions urged for reversal of the judgment here appealed from under any of the points relied upon.

In the case of Hawkins v. Safety Cas. Co., supra, 146 Tex. 381, 207 S.W.2d 370, 372, the Court there said:

"'The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only, when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Martin v. Travelers Ins. Co., Tex.Civ.App., 196 S.W.2d 544; Great American Indem. Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; LaCour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676; Texas Indemnity [Ins.] Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused."

Although the facts alleged in appellee's trial petition as to good cause for his failure to file his claim for compensation sooner than he did might have been sufficient to support proof and findings of actionable fraud on the part of appellant's agent in falsely representing to appellee that his claim for compensation would be filed with the Board within six months from the date of injury, yet we do not think the facts so alleged were necessarily restricted solely to the fact elements constituting legal fraud on the part of appellant, or that it was necessary under his pleadings for appellee to establish all the fact elements constituting legal fraud in order to show the existence of good cause for his delay of sixteen days in the filing of his claim. On the contrary, we are of the opinion that regardless of whether appellant's adjuster did or did not make any specific representation to appellee with reference to the filing of his claim, whether such representation so made, if any, was or was not false, and whether appellee did or did not rely upon the false representations so made, if any, in failing to file his claim sooner than he did, nevertheless, (1) if appellant's claim adjuster filled out papers relating to the accidental injury sustained by appellee and to the latter's claim for compensation on account of such injury, as shown by the undisputed evidence in the record, (2) if appellee thought or believed in good faith from all the facts and circumstances in evidence, until immediately preceding the time his claim was filed, that an adjuster for appellant had filed his claim, (3) if such good faith belief on the part of appellee prevented him from filing his claim until the time it was actually filed, and (4) if a reasonably prudent person, in the exercise of due diligence under the same or similar circumstances, would have delayed the filing of the claim until it was filed, then such component fact elements were sufficient to warrant the trial court in finding and concluding on the ultimate question here involved that good cause existed for the failure of appellee to file his claim with the Board until the time when it was filed. Lloyds Cas. Co. v. Meredith, Tex.Civ.App., 63 S.W.2d 1051; Texas Indemnity Ins. Co. v. Cook, Tex. Civ.App., 87 S.W.2d 830 (er. ref.); Great American Ind. Co. v. Beaupre, Tex.Civ. App., 191 S.W.2d 883 (er. ref. n. r. e.); Frozen Foods Express v. Odom, Tex.Civ. App., 229 S.W.2d 92 (er. ref. n. r. e.); Anchor Cas. Co. v. Beeler, Tex.Civ.App., 245 S.W.2d 303 (er. ref. n. r. e.); Anchor Cas. Co. v. Chia, Tex.Civ.App., 255 S.W. 2d 315 (er. ref. n. r. e.); Texas Employers Ins. Ass'n v. Crain, Tex.Civ.App., 259 S. W.2d 905 (er. ref. n. r. e.); Consolidated Cas. Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299. It appears to us that any other holding would do violence to the well established legal principle that the

Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., should be liberally construed in order to effectuate its humanitarian purposes.

■ Furthermore, even though it might have been proper for the trial court to have submitted to the jury in connection with Special Issues 25, 26 and 27 an additional issue or issues as to whether appellant's agent Brayton assured appellee or represented to him that he, Brayton, would send appellee's claim to the Industrial Accident Board, we do not think the omission of such issue or issues from the court's charge constituted reversible error under the record before us. The question as to whether good cause existed for failure of appellee to file his claim sooner than he did was not only an ultimate and controlling issue on a mixed question of law and fact, but the existence of good cause for such failure was an independent ground of recovery on the part of appellee within the meaning of Rule 279, Texas Rules of Civil Procedure, which was not conclusively established under the evidence. Since Special Issues 25, 26 and 27 as submitted to the jury were each necessarily referrable to the ultimate issue of good cause as an independent ground of recovery, if any additional issue or issues relating to specific representations or assurances of adjuster Brayton to appellee concerning the filing of the claim should be regarded as necessary to sustain such ground of recovery, then in that event it must be deemed under the express provisions of Rule 279, T.R.C.P., that the trial court found such omitted issue or issues in such manner as to support the judgment, unless appellant properly objected to the charge because of its failure to submit such omitted issue or issues or properly requested the submission of the same. Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ From this record we cannot say that appellant properly objected to the charge as a whole, or to the submission of Special Issues 25, 26 and 27 thereof, on the ground that the disputed issue as to whether adjuster Brayton made any specific representation to appellee concerning the filing of his claim was an ultimate and controlling issue of fact, or that it properly requested the trial court to submit such issue, or any specific issue, to the jury. Rule 274, T.R.C.P., provides, among other things, that a party objecting to a charge "must point out distinctly the matter to which he objects and the grounds of his objection." It is readily apparent from the record that the trial court was attempting, in the preparation of his charge, to submit to the jury for its determination such disputed component fact elements raised by the pleadings and tendered by the evidence as were necessary to dispose of the ultimate and controlling issue of good cause as a ground of the recovery sought by appellee. In its objections to the submission of Special Issues 25, 26 and 27, appellant did not state as a ground of its objections that the disputed issue with reference to any representation made by adjuster Brayton to appellee was an ultimate and controlling issue of fact, or that such issue should be submitted, and it did not specifically request the Court to submit any such issue to the jury. In our opinion, the objections of appellant to the submission of Special Issues 25, 26 and 27 were too general, vague and indefinite to constitute a proper compliance with the requirements of Rule 274, T.R.C.P., or to support the contentions urged by it in this Court. Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92, pts. 1–4 (er. ref. n. r. e.).

Notwithstanding the able arguments of counsel for appellant, we have concluded that no reversible error is here shown. Consequently, all of appellant's points must be and they are hereby overruled and the judgment appealed from is affirmed.