The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Harold D. STRECH, Appellee.**

**No. 4123.**

Court of Civil Appeals of Texas.

Eastland.

April 28, 1967.

Rehearing Denied May 26, 1967.

Turpin, Smith, Dyer, Hardie & Harman, Lawrence Fuller and Max Osborn, Midland, for appellant.

Warren Burnett, Odessa, Robert D. Pue, Odessa, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation case. Based upon jury findings, judgment was rendered for plaintiff Harold D. Strech against The Travelers Insurance Company for maximum benefits under the Workmen's Compensation Law for total and permanent incapacity. Plaintiff alleged in his petition that his incapacity resulted from an injury to his head, neck, shoulders and back sustained on February 12, 1964 while he was engaged in the course of his employment with Frank Strech Trucking Company in Ector County. Travelers Insurance Company has appealed.

In appellant's first two points it is contended that (1) the court erred in overruling its pleas to the jurisdiction because appellee's claim before the Industrial Accident Board was for a heart attack and his petition in the District Court presented a new and different claim for injuries to his head, neck, shoulders and back and (2) that the court erred in submitting special issue number 1 to the jury inquiring whether appellee sustained an injury because the record shows that his claim to the Industrial Accident Board was for a heart attack and no claim for a heart attack was made in the District Court; that the court had no jurisdiction of the claim presented to the jury.

The record does show that in appellee's claim before the Board he asserted he was injured on February 12, 1964, and that "Claimant while loading equipment had a heart attack resulting in disability of a degree and duration as yet undetermined." It was alleged in appellee's original petition that on February 12, 1964, he "was suddenly, accidentally and unexpectedly injured, and received the following disabling injuries to his body: Injury and damage to the nerves, bones and soft tissues of the head, neck, shoulders and back, resulting in total and permanent disability." Appellee's first supplemental petition incorporated his original petition and contained the further allegations "that plaintiff suffered a severe substernal pain and that he had an attack of angina pectoris and that plaintiff suffered some degree of coronary insufficiency, commonly called heart attack." Appellant filed a plea to the jurisdiction contending that there was a variance between appellee's claim before the Board and before the court. The motion was overruled.

▮ It is well settled that in Workmen's Compensation cases the court is without jurisdiction unless the claim upon which the court action is based has been first presented to and acted upon by the Industrial Accident Board. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205 (Tex.Com.App.1936); Solomon v. Massachusetts Bonding and Ins. Co., 347 S.W.2d 17 (Tex.Civ.App.1961, writ ref.), and cases cited therein. We are of the opinion, however, that the above cited cases are distinguishable from the facts of the instant case and that the court properly overruled appellant's pleas to the jurisdiction and its objections to special issue number 1. In the instant case the claim before the board was for a general injury as was the claim asserted in the District Court. The applicable rule is stated in Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, (Tex.Com.App., Section B, 1938), as follows:

"It has repeatedly been held that, although one claim cannot be filed with the board and another and different claim asserted in court, yet when the injury suffered is of that class of injuries, sometimes called general injuries, for which the compensation is based upon incapacity to work, and not of that class of injuries usually called specific injuries, for which the amount of compensation is fixed by the statute, a general description of the injury is sufficient in the claim made before the board, and that in the suit filed to set aside the award of the board the claim may be enlarged to include all injuries proximately resulting from the accident."

In Associated Indemnity Corp. v. Kujawa, 153 Tex. 314, 268 S.W.2d 122 (1954), it is stated as follows:

"The injury alleged in the notice and claim before the Board was a 'general injury'. The ruling of the trial court prohibited respondent from enlarging the claim so as to include all injuries proximately resulting from the accident. This was error * * *".

See also Safety Casualty Co. v. Brown, 229 F.2d 889 (5th Cir. 1956); Insurers Indemnity & Insurance Company v. Brown, 172 S.W.2d 174 (Tex.Civ.App.1943, error refused.) In the last cited case the claim before the Industrial Accident Board described the injury complained of as follows:

"Cause of injury—picking up cement line off Haliburtons truck, foot slipped and I fell back with pipe in hand and fell into lead tongs striking the lower part of my back on tongs. * * *"

In his pleadings to the court he stated:

"While lifting a heavy metal pipe and raising up upon the floor of said drilling rig with said heavy pipe backed into and struck his back in the area between his hips on a pair of Wilson Tongs, thereby causing him to lose his balance and fall to the floor of said rig with great force, * * *".

■ The court held in that case that any variance between the claim and the pleading was not material. It was stated that "it was one and the same accident, resulting in general disability for which compensation was sought before the Board and in this suit. Appellant had prompt notice of it and ample opportunity to investigate the accident and the extent of the injury. The assignments on this point are overruled." In the instant case, as in the cited case, both the claim and pleadings describe a general injury and compensation was sought because of resulting incapacity to work. Both are based upon the same occurrence. There is identity of the time, place and occasion of the injury asserted in the claim and in the pleadings. The variance in the claim and the pleading concerns the description of the nature of the general injury sustained, or the cause of the disability suffered by appellee. The claim before the Board asserted that there was a heart attack resulting in an undetermined degree and duration of disability. The pleadings describe the injury as damage to the head, neck, shoulder and back resulting in total and permanent disability. The evidence shows that appellee, while in the course of his employment and while lifting heavy equipment, began to get sick and dizzy; that he experienced pain from his neck down through his chest and couldn't breathe; that he couldn't get his breath and it felt like "the pain had cut it right off", so it wouldn't go from his lungs. The evidence indicates that because of this condition appellee suffered disability at the time and thereafter which prevented him from working. Appellee's employer and others who were present on the occasion thought he had suffered a heart attack. He was carried to the hospital and the diagnosis on admission was "a possible coronary." Thereafter it was determined by the doctors, and appellee admits, that he did not suffer a heart attack. All the electrocardiogram reports were normal. Appellee admits that no doctor treated him for a heart condition or for any illness other than pain in his chest and back. The variance in the claim and in the pleadings was not in the identity of the injury but in the cause of the disability. The immediate symptoms and disabilities were such that the original diagnosis was a heart attack. It was later determined that there was no heart attack and that such was not the cause of appellee's disability. But, the symptoms and disabilities remained the same or at least of the same nature and were referred to generally in both the claim and pleadings. In the language of the cited case "it was one and the same accident resulting in general disability for which compensation was sought before the Board and in this suit." In our opinion,

the variance between the claim and the pleading was not a material one. Appellant received prompt notice of the claim, had knowledge of the facts and circumstances involved and had ample opportunity for investigation. No reversible error is shown in appellant's points 1 and 2.

▇ In other points appellant contends that there was no evidence or insufficient evidence to support the findings in answer to special issue number 1 that appellee sustained an injury on February 2, 1964, and, in answer to number 2, that such injury was accidental, and that such findings are contrary to the great weight and preponderance of the evidence. These points are not well taken and are overruled. The evidence shows that appellee was a truck driver whose duties included the loading and unloading of equipment; that on the occasion of his alleged injury he and a fellow employee were lifting an unusually heavy gauge steel treater by hand to the bed of a tandem truck which was shoulder high. While so engaged he experienced pain from his neck down through his chest which was so great that he had difficulty in breathing. He became faint and "broke out in a cold sweat." He couldn't drive his truck. His condition was such that his fellow employees carried him to the hospital where he remained for eight or nine days. A fellow employee reported appellee's injury to the manager of their employer on the day it occurred and a report of the injury was drawn up by such manager on the same day. After appellant got out of the hospital he went back to work but had so much trouble with his chest, upper back and shortness of breath that he couldn't stay on the job. Prior to his injury appellee had worked almost every day during the preceding year. Subsequent thereto, and up until the time of the trial, a period of over two years, he was able to work only about twelve weeks doing light carpenter work and odd jobs. Appellee stated that his back just wouldn't stand "going to work like ordinarily anybody will"; that although some days were better than others his back hurt every day and at times it would be three or four days that he wouldn't even get out of the house; that he couldn't tell it was getting any better. In an effort to remedy appellee's condition his wife took him to the John Sealy Hospital in Galveston. Appellee at various times, saw and was treated by four medical doctors and two chiropractors. Appellee's wife testified that at the time of the trial his medical bills were running from $95.00 to $100.00 per month. No doctors testified concerning appellee's injury or disability but hospital records were introduced in evidence. The hospital records indicated that immediately prior to appellee's admission he was working on a truck when he experienced a sharp pain in his chest, and a shortness of breath, almost choking him; that he was nauseated and experienced cold sweat; that while confined in the hospital he complained of chest pains, of headache, of pain in his neck and back and soreness in the chest.

▇ Where there is sufficient lay testimony of an employee's injury it is held that testimony of a medical expert as to his opinion concerning the nature and extent of an injury is not necessary to entitle the employee to compensation under the Workmen's Compensation Act. Appellant's apparent contention to the contrary is not tenable. Texas Employers Insurance Ass'n v. Hevolow, 136 S.W.2d 931 (Tex.Civ.App. 1940, error dis., judg. correct); Employers Reinsurance Corp. v. Jones, 195 S.W.2d 810 (Tex.Civ.App., 1946, ref..n. r. e.).

▇ Damage or harm to the body of an employee originating in and having to do with his work and sustained while engaged in furtherance of the affairs of his employer are compensable. It is held that a strain sustained by an employee in the course of his employment is generally regarded as an accidental injury. Carter v. Travelers Insurance Company, 132 Tex. 288, 120 S.W.2d 581 (1938). Such an injury may be shown by symptoms and by circumstances which support a reasonable inference that the in-

jury occurred. The facts and circumstances of this case, including the hospital records, support such an inference and constitute evidence in support of the finding that appellee sustained an accidental injury on February 12, 1964. Texas Employers' Insurance Ass'n v. Scott, 46 S.W.2d 348 (Tex. Civ.App., 1932, writ ref.); Texas Reciprocal Insurance Ass'n v. Latham, 72 S.W.2d 648 (Tex.Civ.App.1934, error dismissed); Travelers Insurance Company v. Arnold, 378 S.W.2d 78 (Tex.Civ.App., 1964, no writ history); Insurance Company of Texas v. Anderson, 272 S.W.2d 772 (Tex.Civ.App. 1954, ref n. r. e.), and cases cited therein. The evidence as a whole is, in our opinion, sufficient to support the finding that appellee did sustain an injury on February 12, 1964, and such finding is not against the great weight and preponderance of the evidence. On August 12, 1964, six months after appellee sustained his injury, his wife employed an attorney to prosecute his claim. Appellee's claim to the Board was dated August 12, 1964 and was received and stamped by the Board on August 17, 1964. Article 8307, Section 4a, Vernon's Ann.Tex. Civ.St. provides that no proceeding for compensation shall be maintained unless a claim is made to the Industrial Accident Board within six months after the injury unless there was good cause for the delay. Appellant urges points contending that there was no evidence and insufficient evidence to support the jury finding that appellee had good cause for the late filing of his claim and that such finding is against the great weight and preponderance of the evidence. In this connection, there was evidence to the effect that appellant's claim adjuster told appellee that the filing of his claim would be taken care of, "—that he would take care of everything." Appellee testified that because of this representation he was led to believe that notice of injury had been filed with the Industrial Accident Board. The testimony of appellee and his wife indicate that thereafter she talked with the adjuster several times about the matter; that when she inquired about the claim on August 12, 1964, the adjuster stated that although he was doing all he could to straighten the matter out, they had been unable to find anybody who said anything happened to her husband. On the afternoon of that same day appellee's wife contacted and employed the attorney.

Ordinarily the question of whether a claimant has used the degree of diligence necessary to excuse him from filing a claim with the Board within the time prescribed by the statute is one of fact, and it is held that to maintain a claim filed after the expiration of such period, the claimant must prove that good cause for failure to file the claim continued up to the date of filing. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Sup.Ct.1965); Hartford Accident and Indemnity Co. v. Hardin, 252 S.W.2d 752 (Tex.Civ.App.1952, error refused). It is held that where a claimant relies on statements made by the compensation insurer's claim adjuster that a claim for compensation was being filed, that this is sufficient to raise a fact question concerning the existence of good cause for failure to file a claim within the statutory period. Likewise when there are delays before and after an injured employee acquires knowledge which puts him on notice that the burden is upon him to prosecute his claim, it is held that a reasonable time thereafter should be allowed for the filing of the claim. Hawkins v. Safety Casualty Company, 146 Tex. 381, 207 S.W.2d 370 (1948). In the instant case the evidence indicates that the claim was prepared on the same day that appellee acquired such knowledge and that the claim was received and filed by the Board five days later. In our opinion there was evidence supporting the finding that good cause existed for appellee's failure to file his claim before he did. The evidence is sufficient to support such finding and the finding is not against the great weight and preponderance of the evidence. Great American Indemnity Company v. Beaupre, 191 S.W.2d 883 (Tex.Civ.App., 1945, ref. n. r. e.); Trinity Universal Insurance Com-

pany v. Christian, 289 S.W.2d 656 (Tex.Civ. App.1959, ref. n. r. e.); Texas Employers Insurance Ass'n v. Hudgins, 294 S.W.2d 446 (Tex.Civ.App.1956, ref. n. r. e.).

The judgment is affirmed.