The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Robert C. ECHOLS, Appellee.

No. 8212.

Court of Civil Appeals of Texas,
Texarkana.

March 12, 1974.

Rehearing Denied April 9, 1974.

Victor F. Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Doyle W. Curry, Jones, Jones & Baldwin, Marshall, for appellee.

CORNELIUS, Justice.

This is a workmen's compensation suit in which appellee recovered benefits for partial incapacity. The question to be decided is whether the jury findings of good cause for appellee's failure to timely file his claim for compensation may be sustained.

The special issues and jury answers on the question of good cause were as follows:

"SPECIAL ISSUE NO. 11. Do you find from a preponderance of the evidence that within six months from the date of such injury plaintiff believed through continuing negotiations with Travelers Insurance Company that his claim for compensation was filed with the Industrial Accident Board?

Answer 'Yes' or 'No'.

ANSWER: Yes.

"SPECIAL ISSUE NO. 12. Do you find from a preponderance of the evidence that such belief caused plaintiff to delay filing a claim for compensation with the Industrial Accident Board until such claim was filed?

Answer 'Yes' or 'No'.

ANSWER: Yes.

"SPECIAL ISSUE NO. 13. Do you find from a preponderance of the evidence that such belief was good cause for his delay in filing the claim for such period of time?

"A person has 'good cause' for delay in filing a claim when he has prosecuted his claim with such diligence as an ordinarily prudent person would have used under the same or similar circumstances.

Answer 'Yes' or 'No'

ANSWER: Yes."

Appellee's evidence on good cause, viewed in the light most favorable to the verdict, may be summarized as follows:

Appellee spoke to Mr. Jones, an adjuster for Travelers, within a week of the accident and Mr. Jones assured appellee that " . . . he would take care of everything, and wrote me a letter that he would take care of the claims, and they said everything would be taken care of, *so I didn't feel like I had anything to really worry about*." Appellee also testified that he told Jones he was going to see Dr. Grogan and that Jones told him, "Fine, that they would take care of everything, that I was covered on workmen's compensation to take care of the dental work, and any other medical problems I had." A letter was written from Jones to Dr. Grogan which stated that Travelers would provide Workmen's Compensation for the injury received by appellee and that they would provide coverage for any damage to his permanent teeth. A medical report was enclosed which Dr. Grogan was requested to complete and return. Appellee had as many as ten discussions with Mr. Jones during the

eight months period from the date of the injury to the filing of the claim for compensation and his last discussion with Jones was on the day that his claim was actually forwarded to Austin. Appellee and Mr. Yantis, of Travelers, also had several discussions concerning his claim, and appellee met with Dr. Guttry and another Travelers man on another occasion and they also talked about appellee's claim. During this time medical treatment was being furnished appellee by Travelers. Both appellee and Mr. Jones testified that settlement negotiations were conducted between appellee and various Travelers agents throughout the period and that an offer of settlement was made by Travelers as late as June 23, 1971, which was the day the claim was actually mailed to the Industrial Accident Board.

All of appellant's points of error are directed to the issue of good cause. These contend that as a matter of law the evidence is insufficient to establish good cause and that the pleadings did not authorize the submission of the good cause issues. The bases for these points are that (1) the alleged representation of the insurer as to filing a claim for appellee was at most only a promise to do an act in the future, rather than the representation of an existing fact, and was therefore insufficient as a matter of law; and (2) the jury findings that appellee "believed" that his claim had been filed and that such belief was good cause are not supported by the evidence or the pleadings since appellee neither pleaded nor testified, in those words, that he "believed" that the claim had been filed.

■ We have concluded that the pleadings and the evidence were sufficient to raise a fact issue on the question of good cause and to support the jury findings.

■■ The existence of good cause for failure to timely file a claim for compensation is ordinarily one of fact for the jury to determine. It can only be determined against the claimant as a matter of law

when the evidence, construed most favorably for the claimant, admits of no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948). The test for good cause is that of ordinary prudence; that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. The totality of the claimant's conduct must be considered in determining whether he acted with such ordinary prudence. Moronko v. Consolidated Mutual Ins. Co., 435 S.W.2d 846 (Tex.Sup.1968); Hawkins v. Safety Casualty Co., supra.

■ Appellant urges that since appellee's testimony only showed that appellant's agents represented that they "would" take care of the claim and did not represent that the claim "had already been filed", there was merely a promise to do something in the future as distinguished from the misrepresentation of an existing fact, and that such a future promise is not sufficient. With regard to this contention, however, the following points must be considered: (1) the test for good cause in workmen's compensation cases is not the same as the test for actionable fraud, where there must be a misrepresentation of an existing fact; (2) the claim of good cause here was not based solely upon the express representations of the insurer, but upon appellee's belief that the claim had been filed, which belief was allegedly induced by "continuing negotiations" with the insurer which included offers of settlement, payment of medical expenses, and the representations; and (3) the totality of the circumstances, and not merely isolated incidents or statements, must be considered in determining whether good cause existed.

We are unwilling, in a case of this nature, to strip from the issue of good cause its traditional test of "ordinary prudence" and impose upon it the strict test of "false representation of an existing fact" as is required in fraud cases. We find no support in the authorities for a contrary view. Texas Employers' Ins. Ass'n v. Hudgins, 294 S.W.2d 446 (Tex.Civ.App. Waco 1956), which has been cited with approval many times, involved facts strikingly similar to those here. In addition to other circumstances the adjuster there told the claimant that, "We will send this into the Board." Good cause was submitted, as it was in this case, by inquiring of the jury if the claimant "believed" that the adjuster had filed his claim. The jury findings of good cause were upheld. The court expressly rejected the argument that the claimant must establish the elements of legal fraud in order to sustain good cause. To the contrary, the court said that if the claimant ". . . . thought or believed in good faith from all the facts and circumstances in evidence" that his claim had been filed, that would be sufficient for good cause, regardless of whether any specific representation was made, or if made was false, or was relied upon by the claimant. A number of other cases have sustained findings of good cause where similar representations were made by using the words "will" or "would", rather than the words "have" or "had". Aetna Casualty & Surety Co. v. Bruns, 490 S.W.2d 879 (Tex.Civ.App. Austin 1973, no writ); Texas General Indemnity Co. v. Youngblood, 466 S.W.2d 329 (Tex.Civ.App. Fort Worth 1971, Ref'd N.R.E.); Travelers Insurance Co. v. Strech, 416 S.W.2d 591 (Tex.Civ.App. Eastland 1967, Ref'd, N.R.E.); American Employers Ins. Co. v. White, 331 S.W.2d 836 (Tex.Civ.App. Eastland 1960, Ref'd, N.R.E.); Trinity Universal Ins. Co. v. Christian, 289 S.W.2d 656 (Tex.Civ.App. Amarillo 1956, Ref'd, N.R.E.); Texas Employers' Insurance Ass'n, v. Hudgins, supra; Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Tex.Civ.App. Beaumont, 1953, no writ); Maryland Casualty Co. v. Merchant, 81 S.W.2d 794 (Tex.Civ.App. Dallas 1935, no writ).

Appellant relies upon Consolidated Casualty Insurance Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299 (1955) for support of its contention that a future promise is insufficient, but *Perkins* is distinguished from this case. In *Perkins* the court held that the *mere* promise that the claimant would sometime in the future be told when *he should file* his claim was insufficient. There is an important difference between telling a claimant that he will be advised when *he will have to file his claim* and in telling him that someone else will take care of the filing *for him*. In the former example, as in *Perkins*, the claimant is alerted that the burden is upon him to file the claim; whereas in the latter example, the claimant may be lulled into a false sense of security because he has depended upon someone else for the filing of the claim.

Appellant urges that the pleadings and the evidence did not authorize the submission of the issues of good cause based on appellee's belief that his claim had been filed. In a trial amendment appellee alleged that repeated discussions between him and agents of the insurer took place involving the settlement of his claim, in which the insurer agreed that it would provide workmen's compensation benefits for his injury, as well as medical treatment, and that settlement negotiations continued and remained open until the claim was actually filed. Appellee also pleaded that during these times he was told that he did not need to file anything in Austin, and that it was already taken care of and that he relied upon same. In his testimony appellee did not use the words "had already been taken care of" in referring to the insurer's representation about the filing, but he said he did not file his claim earlier because of the assurance that he was covered and that they would take care of everything, and " . . . so I didn't feel like I had anything to really worry about."

■ We believe the effect of all of the pleadings and such testimony, reasonably construed, was that appellee was induced to believe that his claim had been filed and that he was not required to do anything further, and that this belief continued until he discovered the contrary, at which time he promptly filed his claim. Circumstances may be sufficient to prove belief without the necessity of the actual word "belief" being used in the testimony. Similar fact situations involving settlement negotiations, payment of medical expenses, and representations have been held sufficient to support jury findings of good cause in the cases of Trinity Universal Insurance Co. v. Christian, supra; Derr v. Argonaut Underwriters Ins. Co., 339 S.W.2d 718 (Tex. Civ.App. Austin 1960, Ref'd, N.R.E.); Texas Employers Ins. Ass'n v. McDonald, 236 S.W.2d 817 (Tex.Civ.App. Austin 1951, Ref'd); Fidelity & Casualty Co. of New York v. Ener, 97 S.W.2d 267 (Tex.Civ. App. Beaumont 1936, no writ); and Texas Employers' Ins. Ass'n v. Jones, 70 S.W.2d 1014 (Tex.Civ.App. San Antonio 1934, dismissed).

Submission of the issues of good cause in the manner used here was approved in Texas Employers Ins. Ass'n v. Hudgins, supra. The ultimate issue in a case such as this is the claimant's belief that the claim had been filed. See Texas Pattern Jury Charges, Sec. 24.02.

Appellant's points of error are respectfully overruled and the judgment is affirmed.